# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

SANKONA GRAHAM,

    Plaintiff(s),

v.

THEODORE EISENLOFFEL, et al.,

    Defendant(s).

2:21-cv-01674-RFB-VCF

**ORDER**

Before the Court is Plaintiff's motion for leave to amend complaint (ECF NO.65).

**Background:**

This case commenced on September 10, 2021 with plaintiff's motion for leave to proceed in forma pauperis. (ECF No. 1). On January 3, 2022, the court granted plaintiff's IFP and screened his original complaint under 28 U.S.C. § 1915A. (ECF NO. 14). Plaintiff was able to proceed on certain claims as stated in ECF NO. 14. Plaintiff's complaint was docketed as ECF No. 15.

On January 13, 2022, plaintiff filed a motion to amend complaint. (ECF NO. 17). On May 26, 2022, defendants Theodore Eiseloffel and Deputy Mounce filed their answer to the plaintiff's complaint. (ECF No. 31). The court entered a discovery plan and scheduling on May 26, 2022 with discovery cut-off date of November 22, 2022. (ECF No. 34).

On August 2, 2022, the court granted plaintiff's motion to amend complaint. (ECF NO. 54). Plaintiff's first amended complaint[1] (ECF No. 40) was filed nunc pro tunc. Defendants Eisenloffel and Mounce filed their answer to the first amended complaint. (ECF NO. 45).

---

[1] ECF No. 40 is incorrectly labeled as the second amended complaint. It is the first amended complaint.

1   On August 22, 2022, plaintiff filed his second amended complaint.  (ECF No. 59).  On August 25, 2022, defendants Eisenloffel and Mounce filed their motion to strike plaintiff's second amended complaint.  (ECF No. 62).

On August 26, 2022, the court held a hearing on the motion to strike the second amended complaint. (ECF No. 64).  The motion to strike second amended complaint (ECF NO. 62) was granted at the hearing, however, plaintiff was allowed to file an amended complaint by September 26, 2022.  *Id.*

On September 22, 2022, plaintiff filed his motion for leave to amend complaint with an amended complaint attached as exhibit 1.  (ECF NO. 65).  Defendants filed an opposition to plaintiff's motion for leave to amend complaint.  (ECF NO. 68).

**Discussion:**

The Prison Litigation Reform Act, "mandates *early* judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. *Jones v. Bock*, 549 U.S. 199, 202, 127 S. Ct. 910, 914 (2007) (emphasis added), citing to 28 U.S.C. § 1915A.

Per 28 USCS § 1915A(a):

Screening.— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

"The statute could not be clearer as to the timing of the mandatory screening. A court must screen 'before docketing, if feasible or, in any event, as soon as practicable after docketing.'" See *Caballero v. Aranas*, No. 3:19-cv-00079-MMD-CLB, 2020 U.S. Dist. LEXIS 113850, at 5 (D. Nev. June 29, 2020), citing to 28 USCS § 1915A(a). "In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what

claims may proceed and whether a defendant is compelled to respond. This practice falls within the PLRA's mandate for "early judicial screening.'" *Id*, citing to *Jones*, 549 U.S. at 223.

"The screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint." *Caballero*, 2020 U.S. Dist. LEXIS 113850, at 6, see also *Nordstrom v. Ryan*, 762 F.3d 903, 906, 907 & n.1 (9th Cir. 2014) (characterizing screening under § 1915A as the "pre-answer screening stage").  The Court may screen a prisoner's later filed amended complaint on a "case-by-case basis." *Caballero,* 2020 U.S. Dist. LEXIS 113850, at 6, citing to *Mwanza v. Foster,* No. 3:14-cv-00331-MMD-WGC, 2015 U.S. Dist. LEXIS 118523, at 25 (D. Nev. Sep. 1, 2015)(Denying a motion for screening and "noting that Congress' intent in adopting the screening provisions of the PLRA was to 'conserve judicial resources by authorizing district courts to dismiss non-meritorious prisoner complaints at an early stage."); see also *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)(The PLRA, "allows a district court to dismiss, sua sponte and prior to service of process, a complaint that fails to state a claim, a power courts did not have prior to enactment of the PLRA.")

Here, the court has allowed plaintiff to file his amended complaint at the August 26, 2022 hearing.  Plaintiff's motion for leave to amend complaint is denied as unnecessary.  Plaintiff's second amended complaint will be the operative complaint in this matter.  This case commenced over a year agoand the parties are well into this matter with discovery cut-off in November.  Plaintiff's second amended complaint will not be screened.  See *e.g. Caballero*, 2020 U.S. Dist. LEXIS 113850 at 6.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's second amended complaint is the operative complaint.

IT IS FURTHER ORDERED that Plaintiff must perfect service of process of the second amended complaint on any unserved defendant(s) by January 20, 2023.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to amend complaint (ECF NO.65), is DENIED as unnecessary.

IT IS FURTHER ORDERED that defendants Eisenloffel and Mounce must file their response to the second amended complaint on or before November 4, 2022.

The Clerk of Court is directed to file plaintiff's second amended complaint (attached as exhibit 1 to ECF No. 65) on the docket.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 21st day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE