# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Sankona Graham,

                Plaintiff(s),

vs.

Theodore Eisenloffel, et al.,

                Defendant(s).

Case No. 2:21-cv-01674-RFB-MDC

**Order Regarding Service**

On March 26, 2024, pro se plaintiff Sankona Graham filed a *Motion In Support Of His Motion For Default Judgment* ("Motion") (ECF No. 171). A portion of Mr. Graham's Motion addresses his request for default judgment, which he previously and separately brought up before the Court on March 13, 2024 in his *Motion For Default Judgment* (ECF No. 165). The Court liberally construes the other portion of Mr. Graham's Motion as a request for service of process. The Court grants only the portion of the motion that requests service of process. The Court denies the portion of Mr. Graham's Motion addressing his previous request for default judgment. The Court will consider Mr. Graham's separate *Motion For Default* (ECF No. 165) at a later date. The Court directs Mr. Graham to please follow an orderly process and refrain from filing duplicative motions seeking the same relief. Filing duplicative motions creates confusion and delays.

      **A.**    **Background**

Plaintiff argues in his Motion that the appearing counsel in this case agreed to work with plaintiff to ensure service of the unserved defendants Kristen Cleveland and Raymond Huntley. ECF No. 171. Appearing counsel apparently do not represent defendants Kristen Cleveland and Raymond Huntley

because they no longer work for Nye County. *Id.* Kristen Cleveland may now work for the Justice Court and Raymond Huntley is retired. See ECF No. 81.

Since none of the appearing defendants responded to plaintiff's Motion, and recognizing the obstacles that incarcerated pro se plaintiff faces regarding service, the Court accepts plaintiff's unrefuted representation that appearing counsel agreed to help with service of process and now orders them to do so. Per LR 7-2 (d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.

**IT IS SO ORDERED THAT:**

1. Pro se plaintiff Sankona Graham's *Motion In Support Of His Motion For Default Judgment* (ECF No. 171) is GRANTED IN PART, as detailed in this order.

2. Appearing counsel at the law firms Erickson, Thorpe & Swainston, Ltd., and Hutchison & Steffen, PLLC, must investigate the whereabouts of the unserved defendants Raymond Huntley and Kristen Cleveland.

3. Appearing counsel must file a SEALED Joint Stipulation **by Friday, May 24, 2024** which includes the results of their investigations, such as:

    a. Whether counsel was able to reach defendants Huntley and Cleveland;

    b. Whether the unserved defendants are willing to waive service; and

    c. What addresses the unserved defendants can be served at if they do not agree to waive.

4. If the unserved defendants do not waive service, the Court GRANTS plaintiff's request for service by the U.S. Marshals.

5. The Clerk of Court is directed to send copies of appearing counsel's SEALED report to the U.S. Marshals, for the purposes of determining if service is necessary and where the defendants

can be served.

6. The Clerk of Court is directed to issue reissue summons(es) for defendants Kristen Cleveland and Raymond Huntley. Cleveland and Huntley's addresses must remain SEALED. The Clerk also will send sufficient copies of the *Second Amended Complaint* (ECF No. 70), the reissued summons(es), and this order to the U.S. Marshal for service on defendants.

7. The Clerk of Court is directed is directed to mail to plaintiff appropriate copies of the USM-285 form.

8. Plaintiff Graham MUST fill out and return new USM-285 forms for defendants Huntley and Cleveland. Plaintiff has until **Friday, May 24, 2024** to furnish to the U.S. Marshal the required USM-285 form with any relevant information as to defendants.

9. Within twenty days after plaintiff receives copy of the completed USM-285 form from the U.S. Marshal, plaintiff must file a notice with the court stating if the defendants were served.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

      Dated this 24th day of April 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge