**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sankona Graham<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br><br>Theodore Eisenloffel, et al.,<br>　　　　　Defendant(s). | 2:21-cv-01674-RFB-MDC<br><br>ORDER DENYING MOTION FOR DISCOVERY (ECF No. 214) AND DENYING MOTION FOR COPIES (ECF No. 163) |

Pro se plaintiff Sankona Graham ("Plaintiff" or "Mr. Graham") filed (1) a *Motion to Strike Pursuant to FRCP 12(f) and For Discovery* for what appears to be discovery per the Freedom of Information Act ("Motion for Discovery")(ECF No. 214)[1] and (2) *Motion Requesting The One-Time Free Electronic Copy Of Document* ("Motion for Copies")(ECF No. 163). For the reasons below, the Court DENIES both Mr. Graham's Motion for Motion for Copies and Motion for Discovery. ECF Nos. 163 and 214.

**BACKGROUND**

On June 14, 2023, Andre M. Lagomarsino, Esq. and Cory M. Ford, Esq. of Lagomarsino Law entered their appearances (ECF No. 128) as pro bono counsel for Mr. Graham. On January 24, 2024, Messrs. Lagomarsino and Ford filed a motion to withdraw as counsel for Mr. Graham (ECF No. 154).

---

[1] The undersigned only addresses the discovery issues. ECF No. 214. The District Judge will address Mr. Graham's request to appoint counsel. ECF No. 211. The Clerk of Court split this motion pursuant to LR IC 2-2(b). which provides that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." In the future, Mr. Graham shall comply with the Local Rules and file separate motions for each type of relief he seeks.

In support of the motion to withdraw, Mr. Ford offered a declaration under penalty of perjury setting forth several grounds supporting withdrawal. Among them, Mr. Ford declared that Mr. Graham "dropped, what appeared to be a sharpened part of a metal binder clip, onto the table" during his January 22, 2024, deposition by defendants' counsel. *See* ECF No. 154 at p.2, ¶3. In their motion to dismiss (ECF No. 188), defendants also refer to the January 22, 2024, incident as one of several occurrences which defendants contend Mr. Graham engaged in discovery abuses or misconduct. *See* ECF No. 188 at pp. 7-8. Mr. Graham disputes the assertion that he had a sharpened metal clip, razor, or any sort of "dangerous weapon" at his January 22, 2024, deposition. By his Motion for Discovery, Mr. Graham seeks to strike all references or assertions to him having any sharpened metal clip, razor, or any sort of "dangerous weapon" at his January 22, 2024, deposition from the record, and specifically from defendant's motion to dismiss and related briefs at ECF Nos. 188, 197 and 205. Mr. Graham also appears to seek discovery per the Freedom of Information Act, but it is not clear. In plaintiff's Motion for Copies, he asks for copies of his case file from former pro bono counsel. ECF No. 163. Per the Court's Order (ECF No. 187), former pro bono counsel filed a response (ECF No. 210). The Court addresses these issues below.

**DISCUSSION**

I.  **The Court Denies Plaintiff's Motion for Discovery (ECF No. 214)**

    a.  **The Court Denies Mr. Graham's Request to Strike**

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. Rule 12(f) applies only to pleadings. *Id*. Defendants' motion to dismiss and related briefs at ECF Nos. 188, 197 and 205 are not pleadings. The motion to withdraw as counsel (ECF No. 154) by Mr. Graham's former counsel is also not a pleading. FRCP 7(a) defines and identifies that only the following documents are "pleadings":

> (1) a complaint;
> (2) an answer to a complaint;
> (3) an answer to a counterclaim designated as a counterclaim;
> (4) an answer to a crossclaim;
> (5) a third-party complaint;
> (6) an answer to a third-party complaint; and
> (7) if the court orders one, a reply to an answer.

*Id.*  None of the documents identified by Mr. Graham are pleadings and therefore Rule 12(f) does not apply. *Id.; see also Thomas v. Ellis,* No. C 12-5563 CW (PR), 2014 WL 116286, at *5 (N.D. Cal. Jan. 13, 2014)("Rule 12 (f) does not apply to motions…").  In any event, Mr. Graham does not identify any "redundant, immaterial, impertinent, or scandalous matter" that would otherwise be subject to strike from a pleading under Rule 12(f).  The factual matter at issue regarding whether Mr. Graham had a sharpened metal clip or similar was material and relevant to his prior counsel's motion to withdraw (ECF No. 154) and is relevant to the grounds for dismissal raised by the defendants' briefs (ECF Nos. 188, 197 and 205).

In sum, Mr. Graham disputes the factual assertions in defendants' dismissal briefs that he had sharpened metal clip, razor, or any sort of "dangerous weapon" at his January 22, 2024, deposition.  The manner for resolving those factual disputes is not by seeking to strike them from the record but by offering countervailing evidence through his opposition to defendants' motion to dismiss.

### b. The Court Denies Mr. Graham's Request For Discovery Regarding His Freedom of Information Act Request

Mr. Graham asks the Court to sift through his 915-page motion for summary judgment at ECF No. 175 and locate and "inspect" a Freedom of Information Act request.  It is not clear, however, why such inspection is necessary or whether any discovery is required in relation to Mr. Graham's Freedom of Information Act request.  It is not the responsibility of the Court to sift through a party's papers to root for issues and disputes. *See Agarwal v. Or. Mut. Ins. Co.*, No. 2:11-cv-01384-LDG-CWH, 2013 U.S. Dist. LEXIS 7717, at *9 (D. Nev. Jan. 18, 2013)("it is not the responsibility of the judiciary to sift

through scattered papers" to root out issues)(internal citations omitted)(*quoting Greenly v. Sara Lee Corp.,* 2008 U.S. Dist. LEXIS 35472, 2008 WL 1925230 (E.D. Cal.). Moreover, discovery closed on April 3, 2024 (ECF No. 159).

It also appears that the relevance of Mr. Graham's discovery motion/request is to add High Desert State Prison ("HDSP") as defendant by identifying HDSP as an "interested party" under LR 7.1-1. The time for Mr. Graham to amend his complaint and add new parties closed. *See* ECF No. 159. Furthermore, LR 7.1-1 is not a rule that provides for the joinder of parties to a lawsuit. The purpose of LR 7.1-1 is to "enable judges of the court to evaluate possible disqualifications or recusal." *Id.* at LR 7.1-1(a).

## II.     The Court Denies Mr. Graham's Motion for Copies (ECF No. 163)

In plaintiff's Motion for Copies, he asks for copies of his case file from former pro bono counsel. ECF No. 163. The Court ordered the Clerk of Court to send a copy of plaintiff's motion to former pro bono counsel so that they would have an opportunity to respond. ECF No. 187. The attorneys at Lagomarsino Law filed a response that states that they mailed plaintiff his case file which consisted of 3,595 documents. ECF No. 210 at 3: 1-2. Counsel also detailed the documents they already sent to plaintiff and represented that they were in the process of mailing him additional copies of emails and his Pro Bono case file, which is mostly duplicative of the files plaintiff already has. *Id.* at 3: 25-27. Counsel also represented that they do not possess some of the documents plaintiff requested (such as documents pertaining to legal research or settlement negotiations). *Id* at 3: 15-21. Counsel also filed a spreadsheet of the documents they sent plaintiff and a copy of their mail log to plaintiff. ECF Nos. 210-3 and 210-4. Based on the representations of former pro bono counsel as officers of the Court, the Court finds that plaintiff has his case file from former counsel for the purposes of this litigation. The Court thus denies plaintiff's Motion for Copies as plaintiff has copies of his case file from pro bono counsel.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion For Discovery* (ECF No. 214) is DENIED.

2. Plaintiff's *Motion for Copies* (ECF No. 163) is DENIED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 28th of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge