**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sankona Graham,<br><br>            Plaintiff(s),<br><br>vs.<br><br><br>Theodore Eisenloffel, et al.,<br><br>            Defendant(s). | 2:21-cv-01674-RFB-MDC<br><br>Order |

   The Court ordered defense counsel to file a sealed stipulation regarding service (sealed so that the plaintiff would not see it, only the Court) by May 24, 2024. ECF No. 196. While the Court is aware that the defendants filed an objection to that Order, which is their right, the defendants did not seek a stay of the Order from the undersigned, as is required by Federal Rule of Civil Procedure 72.

   Filing an objection pursuant to Rule 72 does not automatically stay the magistrate judge's order. See, e.g., *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656-57 (D. Colo. 2001); *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989); *Prendergast v. Fundamental Long Term Care Holdings*, LLC, No. CV 07-1265 CEG/LFG, 2009 U.S. Dist. LEXIS 142418, 2009 WL 10700033, at *1 (D.N.M. Feb. 10, 2009); *Alvarez v. LaRose*, No. 3:20-cv-00782-DMS-AHG, 2020 U.S. Dist. LEXIS 173253, at *5 (S.D. Cal. Sep. 21, 2020). If that were the case, "parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection." *Esparza*, 200 F.R.D. at 657.

   The Court finds that the defendants did not comply with the Court's deadline, as they did not seek a stay. ECF No. 196.

   IT IS ORDERED that defense counsel has until July 1, 2024 to either:

   1. File a belated motion to stay implementation of the Court's May 24, 2024 Order

(ECF No. 196); or

2. Comply with the Court's May 24, 2024 Order.

Dated this 17th day of June 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge